IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| DUSTIN MILLER and JESSICA MILLER<br>*Plaintiffs,*<br><br>v.<br><br>THE FARM SERVICE AGENCY of the UNITED STATES DEPARTMENT OF AGRICULTURE;<br><br>THE UNITED STATES DEPARTMENT OF AGRICULTURE; and<br><br>TOM VILSACK, in his capacity as Secretary of the UNITED STATES DEPARTMENT OF AGRICULTURE<br>*Defendants.* | §§§§§§§§§§§§§§§§§ | CIVIL ACTION No. 5:23-cv-00253 |

**COMPLAINT FOR JUDICIAL REVIEW AND ENFORCEMENT,
DECLARATORY RELIEF, AND INJUNCTIVE RELIEF**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Plaintiffs Dustin Miller and Jessica Miller and file their Complaint for Judicial Review and Enforcement, Declaratory Relief, and Injunctive Relief, and in support thereof would show the Court as follows:

**I.
SUMMARY OF THE ISSUES**

1. On May 25, 2023, Frank Wood, Director of the National Appeals Division issued an amended Director Review Determination stating that Dustin Miller and Jessica Miller ("Plaintiffs") be granted $94,915 in WHIP+ program benefits.[1] Pursuant to 7 U.S.C. § 7000(a)

---

[1] The Additional Supplemental Appropriations for Disaster Relief Act of 2019 authorized the Wildfires and Hurricanes Indemnity Program Plus (WHIP+) to help agricultural producers affected by natural disasters in 2018 and 2019. This included hurricanes Michael, Florence, and Dorian as well as other natural disasters, such as floods, snowstorms, tornadoes, typhoons, volcanic activity and wildfires, and related conditions. The Further Consolidation

"[o]n the return of a case to an agency pursuant to the final determination of the Division, the head of the agency shall implement the final determination not later than 30 days after the effective date of the notice of the final determination." *See* 7 U.S.C. § 7000(a). The Farm Service Agency has failed to implement the Amended Director's Review Determination. Pursuant to 7 U.S.C. § 6999 and 7 C.F.R. §11.13 the Plaintiffs seek judicial review and enforcement of the amended Director's Review Determination issued on May 25, 2023.

2. The Plaintiffs specifically seek judicial review and enforcement of the National Appeals Division (NAD) final determination letter dated June 23, 2022, granting equitable relief and the subsequent NAD reconsideration of the final determination letter dated May 25, 2023, granting Plaintiffs $94,915.00 in WHIP+ program benefits.

## II.
### BACKGROUND

3. The underlying dispute between the parties arose from the Defendants' denial of Plaintiffs' submitted application for Wildfires and Hurricanes Indemnity Program Plus (WHIP+) relief payments for certain acres of planted young pecan trees in Terry County, Texas.

4. The Plaintiffs bring this action for Judicial Review and Enforcement, Declaratory Relief, and Injunctive Relief, pursuant to the Disaster Relief Act of 2019, the Administrative Procedure Act (APA), 5 U.S.C. § 551, *et seq.*, 5 U.S.C. § 702, *et seq.*, 7 U.S.C. § 6999, and 7 C.F.R. § 11.13 which provides for enforcement of all final determinations of the United States Department of Agriculture.

---

Appropriations Act signed December 20, 2019, added drought (for counties designated as D3 or higher drought intensity by the U.S. Drought Monitor) and excessive moisture as additional qualifying disaster events for WHIP+. See United States Department of Agriculture Farm Service Agency Wildfire and Hurricane Indemnity Program – Plus (WHIP+) Fact Sheet August 2020. *See* https://www.fsa.usda.gov/Assets/USDA-FSA-Public/usdafiles/FactSheets/2019/wildfire-and-hurricane-indemnity-program-plus_whip_august_2020.pdf (last visited Oct. 19, 2023).

5. This action is brought against THE FARM SERVICE AGENCY of the UNITED STATES DEPARTMENT OF AGRICULTURE; the UNITED STATES DEPARTMENT OF AGRICULTURE, and TOM VILSACK, in his capacity as Secretary of the United States Department of Agriculture.

6. The Defendants have continuously and improperly denied paying Plaintiffs WHIP+ benefits, owed in accordance with the NAD's final determination letter dated June 23, 2022, attached hereto as Exhibit A, and the subsequent NAD reconsideration of the final determination letter dated May 25, 2023, attached hereto as Exhibit B.

7. The Plaintiffs also request a declaratory ruling by this Court that the Defendants' failure to fulfill the NAD's final determination related to the WHIP+ payment is in error, arbitrary, and capricious. The Plaintiffs specifically ask that this Court issue a finding that the Plaintiffs are entitled to be paid $94,915.00 in WHIP+ payments pursuant to the NAD's final determination letters.

8. The Plaintiffs request that this Court enjoin the United States Department of Agriculture from withholding the WHIP+ payment, which is the subject of this action, from the Plaintiffs, Dustin Miller and Jessica Miller.

## III.
### JURISDICTION AND VENUE

9. This Court has exclusive jurisdiction over this action pursuant to 5 U.S.C. § 701 *et seq.*, 7 U.S.C. § 6999, and 28 U.S.C. 1331. Jurisdiction over the subject matter of this action is also proper in the Northern District of Texas pursuant to 28 U.S.C. § 1331 (Federal Question); § 2201 (Authorizing Declaratory Relief); § 2202 (Authorizing Injunctive Relief); and 5 U.S.C. § 702 (Providing for Judicial Review of Agency Action under the APA).

10. All of the wrongs complained of herein arise from agency determinations made regarding agricultural disaster assistance as authorized by the 2019 Disaster Relief Act for crops grown in Terry County, Texas.

11. Venue in this Judicial District and within the Lubbock Division is proper under 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District and within the Lubbock Division as well as under 5 U.S.C. § 703. Venue is also proper in this Court under 28 U.S.C. § 1391(e)(1), in that the Defendants are agencies of the United States, a substantial part of the events or omissions giving rise to these claims occurred within this district, and that all of the property that is the subject of this action is situated in Terry County, which is within this Court's Jurisdiction.

## IV.
### PARTIES

12. The Plaintiffs, Dustin Miller and Jessica Miller, are farmers who reside in Terry County, Texas, and are engaged in business in Terry County, Texas. During the time periods relevant to this proceeding, the Plaintiffs were engaged in pecan farming operations in Terry County, Texas.

13. Defendant, the Farm Service Agency ("FSA") of the United States Department of Agriculture, is a part of the United States Department of Agriculture and is headquartered in Washington, District of Columbia.

14. Defendant, United States Department of Agriculture ("USDA"), is an agency of the United States government and is headquartered in Washington, District of Columbia.

15. Defendant, Tom Vilsack, is the Secretary of the USDA, and oversees the USDA's administration of Federal Farm Programs. He is sued in his official capacity only.

16. The aforementioned federal "Agency Defendants" may be served with process of

this Court by serving copies of the Summons and Complaint upon the United States Attorney for the Northern District of Texas at the following address.

> Leigha Simonton, United States Attorney
> For the Northern District of Texas, Civil Division
> *U.S. Attorney's Office*
> *Northern District of Texas*
> *1100 Commerce Street, 3rd Floor*
> *Dallas, TX 75242*

## V.
## FACTUAL BACKGROUND

### A.  *WHIP+ Overview and Plaintiffs' Application*

17.     The WHIP+ program was designed to "provide payments to eligible producers who suffered eligible crop, tree, bush, and vine losses resulting from hurricanes, floods, tornadoes, typhoons, volcanic activity, snowstorms, and wildfires that occurred in the 2018 and 2019 calendar years." *See* 84 Fed. Reg. 48518-48537 (Sept. 13, 2019).

18.     The rule was later amended to add excessive moisture and drought occurring in 2018 and 2019 as qualifying events in accordance with the Further Consolidated Appropriations Act of 2020. *See* 86 Fed. Reg. 439-451 (Jan. 6, 2021).

19.     In October 2019, approximately 120 acres of Plaintiffs' young pecan trees suffered damage from excessive moisture and a subsequent freeze. *See* Exhibit A, NAD Letter dated June 23, 2022. Plaintiffs contacted the Terry County FSA office in March 2020, to inquire about their eligibility under the WHIP+ program. *Id*.

20.     Although they were informed that freeze was not an eligible cause of loss, Plaintiffs nevertheless discussed the excessive moisture that damaged the trees, making them susceptible to the freeze that killed them. *Id*. Rather than issue WHIP+ program applications, the county office awaited a disaster declaration to be designated in the county. *Id*.

21. Plaintiffs meanwhile kept inquiring about the program through the month of November 2020. *Id*. Unbeknownst to them, the final day to submit a 2019 WHIP+ program application was October 30, 2020. *Id*.

22. Finally in January 2021, after the application deadline had passed, the county office informed Plaintiffs that excessive moisture was an eligible cause of loss for the WHIP+ program, and it diligently assisted Plaintiffs in completing their WHIP+ program applications. *Id*.

23. Because the WHIP+ program did not accommodate late-filed applications, the FSA county committee disapproved Plaintiffs' applications the following March but noted that their applications would have been approved, had they been timely filed. *Id*.

B. *Appeal of FSA's Decision to National Appeals Division*

24. Following FSA's denial of their WHIP+ application, Plaintiffs appealed the FSA decision to the National Appeals Division ("NAD") in accordance with the procedures set forth in 7 C.F.R. § 11.1 *et seq*. *See* Exhibit A, NAD Letter dated June 23, 2022. These NAD Case Nos. were 2021W000309 and 2021W000319.  After an evidentiary hearing, a NAD Administrative Judge issued an Appeal Determination and issued findings from the evidentiary hearing so that the NAD Director could consider equitable relief. *Id*.

25. Plaintiffs then filed a Request for Director Review, asking that the NAD Director grant equitable relief to Plaintiffs. *Id*.

26. On June 23, 2022 the NAD Director issued his final determination letter granting equitable relief to Plaintiffs, pursuant to  7 U.S.C. §§ 6998(d) and 7996(a)(2), after finding that: (1) Plaintiffs had inquired for several months about disaster relief programs, including the 2019 WHIP+ program; (2) although Plaintiffs asked, the Terry County FSA Office did not provide Plaintiffs with a WHIP+ application or inform them of the imminent application filing deadline;

(3) After Plaintiffs inquired again in January 2021, the Terry County FSA Office informed that excessive moisture was an eligible cause of loss but that the application deadline of October 30, 2020, had passed; (4) the COVID-19 pandemic caused county offices to be understaffed and closed; and (5) during the closures and understaffing USDA instituted new programs which caused the FSA office staff to be uncertain about WHIP+ eligibility. *Id*.

27. The NAD Director noted that the FSA contend[ed] that the Plaintiffs made a good faith effort to inquire about the WHIP+ and requested applications on multiple occasions prior to the deadline for the 2019 crop year. *Id*. Overall, despite Plaintiffs' late filing of the WHIP+ application after the application deadline, the NAD Director held that Plaintiffs made a good faith effort to inquire about the program and requested applications on multiple occasions prior to the deadline for the 2019 crop year. *Id*. The NAD Director required the FSA to accept Plaintiffs WHIP+ applications as timely filed and evaluate them in accordance with FSA's regulations and policies. *Id*.

28. After the final determination letter was issued, the FSA and the USDA Office of General Counsel sought clarification from the NAD Director as to the amount of funds Plaintiffs were entitled to and from which fund the payment was to come. *See* Exhibit B, NAD Letter dated May 25, 2023.

29. In a letter from the NAD Director dated May 25, 2023, the NAD Director renewed the award of equitable relief in the June 23, 2022, letter and further authorized the FSA to pay Plaintiffs $94,915.00 in WHIP+ Program benefits. *Id*.

30. To date, despite direct instructions from the NAD Director, Defendants have failed to pay Plaintiffs the $94,915.00 in WHIP+ Program benefits forcing Plaintiffs to seek enforcement of the NAD Director's final determination pursuant to 7 U.S.C. § 6999.

# VI.
# CLAIMS FOR RELIEF

## A.   *Judicial Review And Enforcement under the Administrative Procedure Act*

31.   The Plaintiffs, Dustin Miller and Jessica Miller, now assert their cause of action for judicial review and enforcement under the Administrative Procedure Act and in support thereof restates, realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

32.   Section 702 of the Administrative Procedure Act (APA) entitles a person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, to judicial review of the agency action. 5 U.S.C. § 702.

33.   Section 706 of the APA authorizes this Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

34.   The NAD final determination letter dated June 23, 2022, granted equitable relief to Plaintiffs and the subsequent NAD reconsideration of the final determination letter dated May 25, 2023, granted Plaintiffs $94,915.00 in WHIP+ program benefits.

35.   There is not a legally sufficient basis for the Defendants' failure to abide by the NAD final determinations and proceed with paying Plaintiffs the WHIP+ program benefits they are entitled to based on the NAD Determination, the agreement of the FSA concerning the amount of WHIP+ program benefits to which the Plaintiffs are entitled, and the agreement of the FSA that the NAD Director had authority to grant equitable relief.

36.   As a result of the Defendants unlawful withholding and unreasonable delay Plaintiffs have gone years without receiving the federally authorized disaster relief funds given to ensure farmers, like the Plaintiffs, recover from uncontrollable losses.

37. Plaintiffs, Dustin Miller and Jessica Miller, seek judicial review and enforcement of the NAD Determination and for judgment of this Court to compel the Agency Defendants to make the payment of $94,915.00 in WHIP+ program benefits as instructed in the NAD final determinations.

### B. *Judicial Review and Enforcement Under the United States Agricultural Code*

38. The Plaintiffs now assert their cause of action for judicial review and enforcement under the United States Agricultural Code and in support thereof restates, realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

39. Section 6999 of the Agricultural Code authorizes this Court to enforce the final determinations of the NAD. 7 U.S.C. § 6999.

40. As previously stated, the NAD has reached its final determination in this dispute between the Plaintiffs and the Defendants; however, the Agency Defendants have refused to act by implementing that determination and paying the Plaintiffs their 2019 WHIP+ program benefits.

41. Plaintiffs seek judicial review and enforcement and a judgment of this Court compelling the Agency Defendants to make the payment of $94,915.00 in WHIP+ program benefits as instructed in the NAD final determinations.

### C. *Declaratory Relief*

42. The Plaintiffs now assert their cause of action for declaratory relief and in support thereof restates, realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

43. An actual controversy has arisen and now exists between the Plaintiffs and the Defendants concerning Defendants' failure to abide by the NAD final determination and issue

2019 WHIP+ program benefits. The Plaintiffs contend that they are entitled to receive a payment of $94,915.00 pursuant to the attached final determinations from the NAD.

44. The Plaintiffs request a judicial determination of the rights and duties of the Parties relevant to the aforementioned NAD final determination letters.

45. This case is justiciable because of the Defendants' failure to comply with the applicable law regarding the payment of $94,915.00 in WHIP+ program benefits pursuant to the NAD final determination. Defendants' action in denying payment to Plaintiffs' is a final agency action that has caused and will continue to cause immediate and concrete injury to the Plaintiffs. The Plaintiffs are presently and continuously injured by Defendants' unlawful withholding of the WHIP+ payments. A declaratory judgment is necessary and appropriate at this time.

46. This Court should enter a declaratory judgment declaring that Plaintiffs are entitled to the 2019 WHIP+ program benefits in the amount of $94,915.00, and this amount is due and payable as a result of the NAD's final determination.

### D. *Injunctive Relief*

47. The Plaintiffs now assert their cause of action for injunctive relief and in support thereof restates, realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

48. The Plaintiffs will be irreparably harmed if this Court does not issue an Order enjoining the Defendants from unlawfully failing to implement the NAD Determination by withholding the aforementioned 2019 WHIP+ program benefits. The USDA's current position constitutes a present and continuous injury.

49. The Plaintiffs have no plain, speedy, or adequate remedy at law.

50. If not enjoined by this Court, the Defendants will continue to fail to act thereby maintaining their position in derogation of Plaintiffs' rights.

51. As a result, Injunctive Relief is appropriate.

## VII.
### REQUEST FOR RELIEF

52. The Plaintiffs respectfully request that this Court Order the Agency Defendants to implement the NAD Determination and pay Plaintiffs the 2019 WHIP+ program benefits they are entitled to pursuant to NAD's final determinations dated June 23, 2022 and May 25, 2023.

WHEREFORE, the Plaintiffs seek Judgment as follows:

a. An order enforcing the NAD final determination and compelling the Agency Defendants to implement the NAD final determinations and pay Plaintiffs $94,915.00 in WHIP+ program benefits;

b. A declaration that the Plaintiffs are entitled to $94,915.00 in WHIP+ payments for the Plaintiffs' 2019 pecan crops grown in Terry County, Texas pursuant to the NAD final determinations;

c. An Order enjoining Defendants from unlawfully withholding the Plaintiffs' 2019 WHIP+ program benefits;

d. An award of attorney's fees, expenses, and costs;

e. Pursuant to Federal Rule of Civil 38 for a jury to determine all issues which are triable of right by jury; and

f. For all such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Morgan Day Vaughan*
MATT D. MATZNER
Texas Bar No. 00797022
MORGAN DAY VAUGHAN
Texas Bar No. 24060769
AMBER S. MILLER
Texas Bar No. 24050320
CRENSHAW, DUPREE & MILAM, L.L.P.
P.O. Box 64479
Lubbock, Texas 79464-4479
Telephone: (806) 762-5281
Fax: (806) 762-3510
mmatzner@cdmlaw.com
mvaughan@cdmlaw.com
amiller@cdmlaw.com
***Counsel for Plaintiffs Dustin Miller and Jessica Miller***

# EXHIBIT A



**UNITED STATES DEPARTMENT OF AGRICULTURE
OFFICE OF THE SECRETARY
NATIONAL APPEALS DIVISION**

June 23, 2022

Amber S. Miller
4411 98th Street, Suite 400
Lubbock TX 79423

Re: NAD Case Nos. 2021W000309 and 2021W000310

Dear Ms. Miller:

This letter responds to your Request for Director Review of an Appeal Determination issued by a National Appeals Division (NAD) Administrative Judge, which you filed on behalf of Dustin Miller and Jessica Miller (Appellants) in the above-captioned cases. In the appeal, the Administrative Judge determined that decisions by the Farm Service Agency (FSA) were not erroneous.[1] In its decisions, FSA disapproved Appellants' Wildfires and Hurricanes Indemnity Program Plus (WHIP+) applications for tree losses because their applications were filed after the deadline. In your Request for Director Review, you ask that I grant Appellants equitable relief to have their applications deemed as timely-filed. After careful consideration, as more fully explained below, I grant your request for equitable relief.

*Procedural history of the case.*

The WHIP+ program provided payments to eligible producers who suffered eligible crop, tree, bush, and vine losses resulting from hurricanes, floods, tornadoes, typhoons, volcanic activity, snowstorms, and wildfires that occurred in the 2018 and 2019 calendar years. *See* 84 Fed. Reg. 48518-48537 (Sept. 13, 2019). Consistent with the Further Consolidated Appropriations Act 2020, the rule added excessive moisture and drought occurring in 2018 and 2019 as qualifying disaster events. *See* 86 Fed. Reg. 439-451 (Jan. 6, 2021).

Appellants own and operate a pecan farming operation in Texas. In October 2019, approximately 120 acres of Appellants' young pecan trees suffered damage from excessive moisture and a subsequent freeze. Appellants contacted their local FSA county office in March 2020, to inquire about their eligibility under the WHIP+ program. Although they were informed that freeze was not an eligible cause of loss, Appellants nevertheless discussed excessive moisture that damaged the trees, making them susceptible to the freeze that killed them. Rather than issue WHIP+ program

---

[1] I incorporate by reference the NAD Appeal Determination (App. Det., May 6, 2022) issued in this case.

Dustin Miller and Jessica Miller  2
Case Nos. 2021W000309 and 2021W000310

applications, the county office awaited a disaster declaration to be designated in the county. Appellants meanwhile kept inquiring about the program through the month of November. Unbeknownst to them, the final day to submit a 2019 WHIP+ program application was October 30, 2020.

Finally in January 2021, after the application deadline had passed, the county office informed Appellants that excessive moisture was an eligible cause of loss for the WHIP+ program, and it diligently assisted Appellants in completing their WHIP+ program applications. Because the WHIP+ program did not accommodate late-filed applications, the FSA county committee disapproved Appellants' applications the following March but noted that their applications would have been approved, had they been timely filed.

Appellants appealed FSA's decisions to NAD. Following an evidentiary hearing, a NAD Administrative Judge issued an Appeal Determination, upholding FSA's decisions. You then filed this Request for Director Review, not challenging the merits of the Administrative Judge's determination but only requesting that I grant Appellants equitable relief. I will therefore not review the merits of the Administrative Judge's determination and will focus solely on your request that I exercise my equitable relief authority.

I may grant equitable relief to a participant not in compliance with the requirements of a covered program administered by the Secretary of Agriculture. 7 U.S.C. §§ 6998(d) and 7996(a)(2). Appellants were denied benefits under the WHIP+ program, which is a covered program for equitable relief purposes. See 7 U.S.C. § 7996(a)(2)(A)(i). Equitable relief may be appropriate if a participant acted in good faith and detrimentally relied on the action or advice of an agency representative. 7 U.S.C. § 7996(b)(1). Equitable relief may also be appropriate if a participant failed to comply fully with the requirements of a covered program but made a good faith effort to comply with the requirements. 7 U.S.C. § 7996(b)(2).

*For equitable relief consideration under a new program or an established program with expanded program benefits and application deadlines, an appellant must show that it made a good faith effort to comply with program requirements.*

In cases similar to this one, NAD has found that program participants are entitled to the benefit of the doubt when they request equitable relief to have their late-filed applications considered by FSA. When FSA establishes new programs or expands program benefits and creates new deadlines for producers to sign up for those programs, transition issues inevitably arise, and producers often struggle to comply fully with new application requirements. In such instances, NAD has often found that when the record clearly establishes good faith on the part of the producer, it may be appropriate to grant equitable relief so that the producer's application can be considered, even though the producer filed the application after the signup deadline. See, e.g., NAD Case No. 2015W000058 (Dir. Rev., Dec. 30, 2015) (holding that when FSA establishes new programs or new benefits,

Dustin Miller and Jessica Miller  
Case Nos. 2021W000309 and 2021W000310

3

it may be appropriate to grant equitable relief to producers who acted in good faith, even though FSA acted conscientiously and reasonably in publicizing information about the new program).

I find that the circumstances presented in this case are as compelling as the facts presented in other similar situations in which NAD has granted equitable relief and allowed late-filed applications under a new program to be considered. According to the record, Appellants inquired for several months from October to November 2020, about various disaster programs, including the 2019 WHIP+ program. Although Appellants were provided information regarding other disaster programs, the county office did not provide Appellants a WHIP+ program application or inform them of the imminent application filing deadline. After Appellants inquired again in January 2021, the county office informed them that excessive moisture was an eligible cause of loss but that the application deadline of October 30, 2020, had passed.

I note that there were disruptions caused by the COVID-19 pandemic. The county office was often closed and understaffed. All the while, USDA instituted new programs, resulting in the office staff's uncertainty about WHIP+ program eligibility. Ultimately, Appellants' applications were untimely filed, but FSA contends that Appellants made a good faith effort to inquire about the program and requested applications on multiple occasions prior to the deadline for the 2019 crop year. I concur with the agency's assessment and find that Appellants made a good faith effort to comply with program requirements, warranting equitable relief. *See* 7 U.S.C. § 7996(b)(2).

Therefore, after careful review of the record, I have determined that the equities weigh in favor of granting Appellants equitable relief. FSA must accept Appellants' 2019 WHIP+ program applications as timely filed and evaluate them in accordance with FSA's regulations and policies.

Sincerely,

**FRANK WOOD**  
Digitally signed by FRANK WOOD  
Date: 2022.06.23 14:00:06 -04'00'

Frank M. Wood  
Director

# EXHIBIT B



**UNITED STATES DEPARTMENT OF AGRICULTURE
OFFICE OF THE SECRETARY
NATIONAL APPEALS DIVISION**

May 25, 2023

Amber S. Miller
4411 98th Street, Suite 400
Lubbock TX 79423

Re: NAD Case Nos. 2021W000309 and 2021W000310

Dear Ms. Miller:

This letter responds to your Request for Director Review of an Appeal Determination issued by a National Appeals Division (NAD) Administrative Judge, which you filed on behalf of Dustin Miller and Jessica Miller (Appellants) in the above-captioned cases. In the appeal, the Administrative Judge determined that decisions by the Farm Service Agency (FSA) were not erroneous.[1] In its decisions, FSA disapproved Appellants' Wildfires and Hurricanes Indemnity Program Plus (WHIP+) applications for tree losses because their applications were filed after the deadline. In your Request for Director Review, you asked that I grant Appellants equitable relief to have their applications deemed as timely filed. After careful consideration, as more fully explained below, I grant your request for equitable relief and authorize FSA to pay Appellants $94,915 in WHIP+ program benefits.

*Procedural history of the case.*

According to the record, Dustin Miller and Jessica Miller (Appellants) inquired for several months about various disaster programs, including the 2019 WHIP+ program. Meanwhile, the COVID pandemic resulted in Farm Service Agency (FSA) office closures and understaffing at the same time FSA was charged with implementing new USDA programs. Being uncertain about WHIP+ program eligibility, the county office staff did not provide Appellants a WHIP+ program application or inform them of the imminent application filing deadline. After the October 30, 2020, WHIP+ program application deadline had passed, the county office diligently assisted Appellants in completing their WHIP+ program applications. Eventually, the county committee disapproved Appellants' applications because the WHIP+ program did not accommodate late-filed applications. However, the committee noted that Appellants' applications would have been approved had they been timely filed.

A NAD Administrative Judge upheld FSA's decisions. Appellants then requested Director Review seeking equitable relief. FSA conceded that Appellants made a good faith effort to inquire about the WHIP+ program and requested applications on multiple

---

[1] I incorporate by reference the NAD Appeal Determination, May 6, 2022.

Dustin Miller and Jessica Miller　　　　　　　　　　　　　　　　　2
Case Nos. 2021W000309 and 2021W000310

occasions prior to the application deadline. After careful consideration, I found that Appellants made a good faith effort to comply with program requirements and that equitable relief was warranted. *See* 7 U.S.C. § 7996(b)(2). I therefore determined in accordance with NAD's equitable relief authority that FSA must accept Appellants' 2019 WHIP+ program applications as timely filed and evaluate them in accordance with FSA's regulations and policies. *See* 7 U.S.C. §§ 6998(d) and 7996(a)(2).[2]

FSA requested that NAD clarify whether it had determined the actual amount of the award pursuant to NAD's equitable relief authority. FSA argued that under applicable appropriations rules, payment to Appellants for their 2019 losses hinged on the date that FSA is obligated to pay WHIP+ program funds.[3] I accepted FSA's clarification request as one for reconsideration. As I did not find anything in my Director Review Determination that was contrary to statute or regulation, I denied reconsideration.[4]

The USDA Office of General Counsel then advised if FSA were to determine the amount of the award, the date that FSA would make the determination would fall well after FSA's authority to obligate funds under applicable appropriations law. However, if NAD were to award Appellants a specific WHIP+ program payment based on the administrative record, then NAD's final determination would be given retroactive effect in accordance with NAD's statutory authority and would permit FSA to obligate WHIP+ program funds to make the award.[5]

I subsequently reopened reconsideration due to fiscal law restraints and requested the parties to stipulate the actual amount of the award to which Appellants would have been entitled in timely filed applications for WHIP+ program payments.[6] Following my request, the parties agreed that Appellants should be paid $94,915 in WHIP+ program benefits.[7]

Therefore, after careful review of the record, I amend my previous Director Review Determination. Pursuant to NAD's equitable relief authority, I grant Appellants $94,915 in WHIP+ program benefits.

Sincerely,

**FRANK WOOD** Digitally signed by FRANK WOOD
Date: 2023.05.25 17:31:31 -04'00'

Frank M. Wood
Director

cc:　　Farm Service Agency

---

[2] Director Review Determination, June 23, 2022.
[3] FSA Clarification Letter, February 23, 2023.
[4] Reconsideration Decision, March 28, 2023.
[5] Office of General Counsel Letter, April 20, 2023.
[6] Letter from the Director Re-Opening Reconsideration, May 3, 2023.
[7] Appellants' Response Letter, May 8, 2023; FSA's Response Letter, May 10, 2023.